UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1891 TIA |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The parties consented to the jurisdiction of undersigned pursuant to 28 U.S.C. § 636(c).

On March 15, 2012, the undersigned reversed the Commissioner's decision and remanded Plaintiff's case to the Commissioner for further proceedings. Plaintiff now seeks attorney's fees in the amount of $1,492.52, which represents 8.5 hours of attorney work at the rate of $175.59 per hour. In EAJA actions, the district court has the authority to award reasonable and necessary expenses associated with adjudicating a claim for social security benefits. Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

In the instant case, Defendant has filed a response stating no objection to Plaintiff's award of EAJA fees of $1,492.52. However, as stated by Defendant, EAJA fees are payable to the Plaintiff and may be offset to satisfy any pre-existing debt owed to the United States. Astrue v. Ratliff, __

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is therefore substituted for Michael J. Astrue as the Defendant in this action.

U.S. ___, 130 S. Ct. 2521, 2527 (2010). Although Plaintiff acknowledges that under Ratliff, the EAJA fee is payable to Plaintiff as the litigant, Plaintiff states that he signed an agreement assigning any EAJA fee to his attorney.[2] If he owes no debt to the United States, Plaintiff asks the Court to order Defendant to make the fee payable to Plaintiff's attorney based on the Assignment of EAJA Fees signed by the Plaintiff.

Defendant filed a response which states "Defendant has not objection to Plaintiff's request for fees under EAJA in the amount of $1,492.52.... but [t]he EAJA fee is payable to Plaintiff as the litigant." Therefore, Defendant requests that the attorney fees should be made payable directly to Plaintiff as the litigant pursuant to Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

The Court has reviewed Plaintiff's application for an award fo fees and expenses under the EAJA, and concludes the statutory requirements are met. Because Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds that he is entitled to attorney's fees in the amount of $1,492.52. The fee shall be mailed to Plaintiff's attorney: Jeffrey J. Bunten, One Metropolitan Square, 211 North Broadway, Suite 2400, St. Louis, MO 63102. An appropriate Judgment will accompany this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (Docket No.20) is **GRANTED**.

---

[2] In this case, Plaintiff's counsel states that Plaintiff has assigned his right to collect such fees to Jeffrey J. Bunten, under the Assignment of Federal Court EAJA Attorney Fee, attached to the motion for attorney fees as Exhibit 2.

**IT IS HEREBY ORDERED** that Defendant shall pay attorney's fees under the EAJA in the amount of $1,492.52, payable to Plaintiff, but mailed to Jeffrey J. Bunten, One Metropolitan Square, 211 North Broadway, Suite 2400, St. Louis, MO 63102.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  27th   day of June, 2013.